**WEN XIONG CHEN, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General, Respondent.**

No. 07–3817–ag.

United States Court of Appeals, Second Circuit.

Sept. 17, 2008.

Jan Potemkin, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Janice Redfern, Trial Attorney; Gregory M. Kelch, Attorney, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROGER J. MINER, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Wen Xiong Chen, a native and citizen of the People's Republic of China, seeks review of an August 10, 2007 order of the BIA affirming the February 7, 2006 decision of Immigration Judge ("IJ") Noel Ferris denying petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wen Xiong Chen,* No. A98 642 247 (B.I.A. Aug. 10, 2007), *aff'g* No. A98 642 247 (Immig. Ct. N.Y. City, Feb. 7, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where the BIA affirms the IJ's decision in all respects but one and then supplements that decision, this Court reviews the IJ's decision as supplemented by the BIA, but "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005); *See also an Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005).

We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't. of Justice,* 428 F.3d 391, 406 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003).

■ As an initial matter, we generally lack jurisdiction to review the agency's pretermission of an alien's asylum application. *See* 8 U.S.C. § 1158(a)(3). However, we retain jurisdiction, under 8 U.S.C. § 1252(a)(2)(D), to review constitutional claims and "questions of law." In his brief, Chen argues that the IJ violated his due process rights by excluding evidence that he claims went to his date of entry, *i.e.,* evidence that allegedly "confirms his presence in China within the one-year deadline." However, Chen does not argue that the agency's pretermission of his asylum application was itself a due process violation. To the extent Chen intended to make such an argument, it is unavailing where the IJ has broad discretion in determining the weight to be afforded to particular pieces of evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 342 (2d Cir.2006); *see also Dedji v. Mukasey,* 525 F.3d 187, 192–193 (2d Cir.2008).

■ Chen also argues that he did not receive an impartial hearing because IJ Ferris was "hostile" and wrongly accused him of perjury. Although the IJ's perjury finding was not supported by the record, the IJ's conduct did not deprive Chen of a full and fair hearing. *See Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 104 (2d Cir.2006). Nor did the IJ's conduct result in "the appearance of bias or hostility such that we cannot conduct a meaningful review of the decision below." *Cf. Islam v. Gonzales,* 469 F.3d 53, 55 (2d Cir.2006).

■ The agency denied withholding of removal and CAT relief on the basis of its adverse credibility determination which was supported by substantial evidence. The IJ found numerous inconsistencies and implausibilities within Chen's testimony as to the events surrounding his wife's second pregnancy and alleged forced abortion. The IJ properly found that Chen

testified inconsistently as to whether he returned home to take care of his daughter after she hurt her ankle—the event that allegedly led his wife to come out of hiding. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006). Chen attempted to explain the apparent inconsistency, but no reasonable fact finder would be compelled to credit his explanation. *See Majidi v. Gonzales,* 430 F.3d 77, 80 (2d Cir.2005).

In addition, the IJ also properly found that it was implausible that Chen's wife would come out of hiding while she was five months pregnant and that family planning cadres would arrive at Chen's house within hours of her return. *See Wensheng Yan v. Mukasey,* 509 F.3d 63, 66–68 (2d Cir.2007); *See also Ying Li v. BCIS,* 529 F.3d 79, 82–83 (2d Cir.2008). These findings constitute "specific examples in the record of inconsistent statements" and "inherently improbable testimony." *Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en banc). They therefore provided substantial evidence for the IJ's adverse credibility determination; we need not reach the IJ's additional adverse credibility findings or her alternative burden finding.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).